Lauren Tegan Rodkey (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com

Youssef H. Hammoud (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Richard Loope*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RICHARD LOOPE,

        Plaintiff,

v.

CITIBANK, N.A.

        Defendant.

**Case No. 2:19-cv-155**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et. seq.*
2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*
3. Intrusion Upon Seclusion
4. Cal. Civ. Code § 3294

(Unlawful Debt Collection Practices)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Richard Loope ("Plaintiff"), through his attorneys, alleges the following against Citibank, N.A., ("Defendant" or "Citi"):

//

//

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3284, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

**JURISDICTION AND VENUE**

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

COMPLAINT AND DEMAND FOR JURY TRIAL

6.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.  Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8.  Plaintiff is a natural person residing in California.

9.  Plaintiff is a "debtor" as defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11. At all relevant times herein, Defendant, Citibank, N.A., was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *Cal. Civ. Code § 1788.2(d)*.

12. Defendant is a debt collector with its principal place of business located in New York, New York. Defendant can be served with process at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendant is attempting to collect an alleged debt from Plaintiff.

15. In or around June of 2018, Defendant began placing calls to Plaintiff's cellular phone number ending in 6520, in an attempt to collect an alleged debt.

16. The calls placed by Defendant mainly originated from (866) 532-0423, (866) 458-7685, (866) 458-7688, (423) 207-4182, and (816) 420-4632. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

17. Between June 30, 2018 and July 26, 2018, Plaintiff received approximately one-hundred fifteen (115) calls from Defendant on his cell phone.

18. On or about July 26, 2018, at 5:52 p.m., Plaintiff received a phone call from Defendant on his cell phone; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

19. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

20. Plaintiff stated that he was struggling financially, that his rent had increased significantly and that he had no money to make a payment.

21. Further, Plaintiff stated that his only source of income was from disability and he could barely afford to pay his everyday living expenses. Plaintiff told Defendant to stop calling him and that he would call the Defendant when he could make a payment.

22. Early the next morning, Plaintiff received a call from Defendant.

23. Plaintiff's request for the calls to his cell phone to cease was ignored, as Plaintiff continued to receive phone calls from the Defendant throughout the month of July, August, September, and October 2018.

24. Between July 26, 2018 and October 7, 2018, Defendant called Plaintiff approximately fifty (50) times after Plaintiff's request for the calls to stop.

25. Between June 30, 2018 and October 7, 2018, Defendant called Plaintiff approximately one hundred and sixty (160) times.

26. There were several occasions where the Defendant called the Plaintiff multiple times in one day;

    a.  On or about July 15, 2018, Plaintiff received **twelve (12) calls** from Defendant.

    b.  On or about July 8, 2018, Plaintiff received **nine (9) calls** from Defendant.

    c.  On or about July 20, 2018, Plaintiff received **nine (9) calls** from Defendant.

    d.  On or about July 13, 2018, Plaintiff received **eight (8) calls** from Defendant.

    e.  Plaintiff received four (4) calls on many other days.

27. Upon information and belief, Plaintiff also received numerous pre-recorded voicemail messages on his cell phone from Defendant.

28. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

29. The calls violated the RFDCPA in multiple ways, including but not limited to:

    a.  Causing a telephone to ring repeatedly or continuously to annoy the person called (Cal. Civ. Code § 1788.11(d));

    b.  Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances (Cal. Civ. Code § 1788.11(e));

    c.  By collecting or attempting to collect a consumer debt and not complying with Sections 1692b to 1692j of the FDCPA (Cal. Civ. Code § 178817).

        i.  Calling a consumer at an unusual time or place known to be inconvenient to the consumer. (15 U.S.C. § 1692c(a)(1));

    ii.   Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

    iii.   Using unfair or unconscionable means in an attempt to collect a debt such as calling from different phone numbers to trick Plaintiff into answering the phone (15 U.S.C. § 1692f);

    iv.   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

30. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

31. Defendant even called Plaintiff at 9:25 p.m., on or about July 15, 2018.

32. Communicating with Plaintiff by telephone with such frequency is unreasonable and constitutes a harassment.

33. Further, the conduct was done with such frequency so as to annoy, harass, oppress, and/or abuse Plaintiff.

34. Plaintiff is currently sixty-two (62) years of age, and upon information and belief, Defendant is aware of Plaintiff's elderly age.

35. Plaintiff has been disabled for the last ten (10) years.

36. Plaintiff suffers from depression, anxiety and other disorders.

37. Plaintiff is on several prescription medication, including, medication for depression, anxiety, blood pressure and cholesterol.

COMPLAINT AND DEMAND FOR JURY TRIAL

38. Each and every call by Defendant caused Plaintiff to suffer from increased anxiety, depression, emotional and mental pain and anguish.

39. The constant automated debt collection calls from Defendant have made it hard on Plaintiff to get through his day without suffering from emotional and mental pain and anguish.

40. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

44. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45. Defendant violated the RFDCPA. Defendants violations include, but are not limited to, the following:

a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b. Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

COMPLAINT AND DEMAND FOR JURY TRIAL

    c.  Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i.  Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

        iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

46. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

    a.  Plaintiff clearly stated to the Defendant that he was having money problems, that he could not make a payment and that he wanted the calls to stop.

    b.  Defendant would call Plaintiff several times within short periods of time and even called Plaintiff after 9 p.m.

    c.  Defendant's conduct was nothing short of intentional, as it was clearly aware of Plaintiff's request and continued to place calls to Plaintiff cell phone.

47. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

**<u>COUNT IV</u>**

**(Exemplary Damages – Punitive Damages)**

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

54. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

55. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

56. Plaintiff is informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

57. Defendant was aware that Plaintiff had requested to not be called on his cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, RFDCPA and Plaintiff's privacy rights.

58. Defendant called Plaintiff numerous times in a single day, even calling up to twelve (12) times.

59. Further, Defendant would call Plaintiff multiple times within short periods of time.

60. Defendant's conduct subjected Plaintiff severe emotional and mental pain and anguish.

61. Defendant's conduct placed undue hardship on Plaintiff and disregarded Plaintiff's rights by placing an enormous amount of calls with such harassing and unreasonable frequency.

62. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Richard Loope respectfully requests judgment be entered against Defendant, Citibank, N.A., for the following:

    A.  Declaratory judgment that Defendant violated the RFDCPA;

    B.  Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

    C.  Actual damages pursuant to Cal. Civ. Code §1788.30(a);

    D.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

    E.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    F.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

    G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    H.  Any other relief that this Honorable Court deems appropriate.

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 8, 2019

/s/ *Youssef H. Hammoud*_____
Youssef H. Hammoud (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com

Lauren Tegan Rodkey (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Richard Loope*